With the permission of the court, Your Honor, this is a petition for review of a BIA order dated November 2002 affirming, without opinion, the decision of the immigration judge denying asylum relief to the petitioner. Julia Soriano Anselmo is a 69-year-old widowed female, native and citizen of the Philippines, who applied for asylum under Section 208 as a person unable or unwilling to return to or is unable or unwilling to avail of the protection of the country of her last residence because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion. The petitioner cited persecution because she was politically active and participated in the Reform Armed Forces movement of the Philippines as well as the Laban party. She was detained and interrogated by military or armed persons and told that she should curtail her political activities. The immigration judge denied the BIA. That decision of the judge is the final agency determination before this court. The basis of the denial of the judge had alternative arguments. In the first place, the judge said that she was not credible. Alternatively, the judge said if she were credible, the described incidents did not rise to the level of persecution on account of political opinion, thus failing to establish eligibility for the relief. Finally, the judge said if the petitioner was credible and if her described incidents did rise to the level of persecution, there were changed circumstances which do not warrant the grant of the continuing, do not warrant the grant of the reliefs requested. Counsel, did you in your briefing challenge the alternative finding? No, Your Honor, that was not challenged. Then haven't you waived any claim with regard to the alternative finding? Well, with respect to the changed circumstances, Your Honor, we felt that those circumstances or the conditions that have changed are not clear. In other words, the judge – That's not my question. My question is haven't you waived the argument so that even if the – even if we were to agree with you as to the point that you did argue, which was that the adverse credibility finding is incorrect and should be overturned, isn't there an adequate alternative finding that as a result of changed country conditions, she should still be returned? And since you haven't argued against that finding, that's the end of the appeal? Well, we certainly do not hope so, Your Honor. The idea of the changed circumstances we feel were not – were not adequate. In other words, the immigration judge did not adequately express what those changed circumstances were. I understand. I hear you saying that now. The question I'm asking you is why didn't you brief that in the brief that you filed on appeal so that it was clearly framed for this panel and we understood that that was your – what was your argument? Yes, Your Honor, that was a mistake on our representation with respect to framing that issue on the petition for review on the supplemental brief that we had submitted. Okay. Anything further? Nothing further, Your Honor. All right. Let's hear from the government. Thank you. Thank you. May it please the Court. My name is Jennifer Levings. I'm with the Department of Justice. Your Honor, Judge Bivey, you're absolutely correct. The petitioner – That's Tom and Bivey. I'm sorry, Judge Bivey. Your correct petitioner has waived argument as to the dispositive issue that there is no well-founded fear of future persecution. Thus, the Court should dismiss the case, and there really isn't much else that the petitioner can argue. They've admitted that they've waived that argument, and they have had two chances to raise that argument. The Court ordered a rebriefing on it, and they waived it on the second chance. So the government's position is that this petition for review should be dismissed. If the Court wants to hear anything on the alternate arguments, I can certainly give you some information on those. Anybody have any questions? No questions. I don't think so, counsel. Thank you. Thank you. All right. You want to say anything further? No, Your Honor. All right. The case just argued then is submitted, and we'll next hear argument in Torres v. Runnell. Good morning again, Ms. Clare. Good morning, Your Honors. May it please the Court, Alison Clare, Assistant Federal Defender on behalf of the Appellant, Mr. Torres. We contend in this case that admission of a defendant who has been convicted    The defendant is not guilty of a crime against the law.
judges: Tallman, Bybee, Bea